IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

FILED-CLERK
U.S. DISTRICT COURT
05 AUG 31 AM 10:54
TEXAS-EASTERN
BY_____

| | |
|---|---|
| MEDIATEK, INC.,<br><br>Plaintiff,<br><br>vs.<br><br>SANYO ELECTRIC CO., LTD. and SANYO NORTH AMERICA, INC.,<br><br>Defendants. | CIVIL ACTION NO. 6:05cv323<br><br>JURY TRIAL DEMANDED |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff MediaTek, Inc. files this complaint against Sanyo Electric Co., Ltd. and Sanyo North America, Inc.:

### THE PARTIES

1. Plaintiff MediaTek Inc. ("MediaTek") is a corporation organized under the laws of Taiwan having its principal place of business in Hsin-Chu City, Taiwan.

2. Upon information and belief, at all relevant times mentioned below, Defendant Sanyo Electric Co., Ltd. ("Sanyo Japan") has been a corporation organized under the laws of Japan having its principal place of business in Osaka, Japan.

3. Upon information and belief, at all relevant times mentioned below, Defendant Sanyo North America ("Sanyo N.A.") has been a corporation organized under the laws of the state of Delaware having its principal place of business at 2055 Sanyo Avenue in San Diego, California. (Sanyo Japan and Sanyo N.A. will be referred to collectively as "Sanyo.")

## JURISDICTION AND VENUE

4. This lawsuit is an action for patent infringement arising under the patent laws of the United States, 35 U.S.C. §§ 271 et seq.. The Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1338(a).

5. Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391 and 1400(b) because Defendants have regularly conducted business in this judicial district, and certain of the acts complained of herein occurred in this judicial district.

## THE PATENTS IN SUIT

6. On February 2, 1999, the United States Patent and Trademark Office ("USPTO") issued U.S. Patent No. 5,867,819 entitled "Audio Decoder" (hereinafter "the '819 patent"). A true and correct copy of the '819 patent is attached hereto as Exhibit A.

7. On September 12, 2000, the USPTO issued U.S. Patent No. 6,118,486 entitled "Synchronized Multiple Format Video Processing Method and Apparatus" (hereinafter "the '486 patent"). A true and correct copy of the '486 patent is attached hereto as Exhibit B.

8. MediaTek is the owner of the '819 and '486 patents by assignment with full and exclusive right to bring suit to enforce these patents.

## COUNT ONE:

## INFRINGEMENT OF THE '819 PATENT

9. MediaTek realleges and incorporates herein the allegations of paragraphs 1 through 8 of this Complaint as if fully set forth herein.

10. Upon information and belief, in violation of 35 U.S.C. § 271, Sanyo has infringed and is continuing to infringe, literally and/or under the doctrine of equivalents, the '819 patent by practicing one or more claims of the '819 patent in its manufacture, use, offering for sale, sale,

and/or importation of audio decoders and products that contain audio decoder(s), such products including, but not limited to, DVD recorders, DVD players, digital television sets, set-top boxes and mobile electronic devices (for example, Model No. DRW-1000), and/or integrated circuits for use therein.

11. Upon information and belief, in violation of 35 U.S.C. § 271, Sanyo has infringed and is continuing to infringe the '819 patent by contributing to or actively inducing the infringement by others of the '819 patent by providing audio decoders and products that contain audio decoder(s), such products including, but not limited to, DVD recorders, DVD players, digital television sets, set-top boxes and mobile electronic devices (for example, Model No. DRW-1000), and/or integrated circuits for use therein.

12. Upon information and belief, Sanyo has willfully infringed the '819 patent.

13. Upon information and belief, Sanyo's acts of infringement of the '819 patent will continue after service of this complaint unless enjoined by the Court.

14. As a result of Sanyo's infringement, MediaTek has suffered and will suffer damages.

15. Unless Sanyo is enjoined by this Court from continuing its infringement of the '819 patent, MediaTek will suffer additional irreparable damages and impairment of the value of its patent rights. Thus, MediaTek is entitled to an injunction against further infringement.

## COUNT TWO:

## INFRINGEMENT OF THE '486 PATENT

16. MediaTek realleges and incorporates herein the allegations of paragraphs 1 through 8 of this Complaint as if fully set forth herein.

17. Upon information and belief, in violation of 35 U.S.C. § 271, Sanyo has infringed and is continuing to infringe, literally and/or under the doctrine of equivalents, the '486 patent by practicing one or more claims of the '486 patent in its manufacture, use, offering for sale, sale, and/or importation of video processing apparatus, including, but not limited to, digital television sets and set-top boxes (for example, Model No. HT32744), and/or integrated circuits for use therein

18. Upon information and belief, in violation of 35 U.S.C. § 271, Sanyo has infringed and is continuing to infringe the '486 patent by contributing to or actively inducing the infringement by others of the '486 patent by providing video processing apparatus, including, but not limited to, digital television sets and set-top boxes (for example, Model No. HT32744), and/or integrated circuits for use therein.

19. Upon information and belief, Sanyo has willfully infringed the '486 patent.

20. Upon information and belief, Sanyo's acts of infringement of the '486 patent will continue after service of this complaint unless enjoined by the Court.

21. As a result of Sanyo's infringement, MediaTek has suffered and will suffer damages.

22. Unless Sanyo is enjoined by this Court from continuing its infringement of the '486 patent, MediaTek will suffer additional irreparable damages and impairment of the value of its patent rights. Therefore, MediaTek is entitled to an injunction against further infringement.

## PRAYER FOR RELIEF

WHEREFORE, MediaTek prays for the following relief:

(a) That Sanyo be ordered to pay damages adequate to compensate MediaTek for Sanyo's infringement of the '819 and '486 patents pursuant to 35 U.S.C. § 284;

(b) That Sanyo be ordered to pay treble damages pursuant to 35 U.S.C. § 284;

(c) That Sanyo be ordered to pay attorneys' fees pursuant to 35 U.S.C. § 285;

(d) That Sanyo, its officers, agents, servants, employees, and those persons acting in active concert or in participation with them be enjoined from further infringement of the '819 and '486 patents pursuant to 35 U.S.C. § 283;

(e) That Sanyo be ordered to pay prejudgment interest;

(f) That Sanyo be ordered to pay all costs associated with this action; and

(g) That MediaTek be granted such other and additional relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby demands a trial by jury as to all issues so triable.

Dated: August 31, 2005

Respectfully submitted:

**McKOOL SMITH, PC**

By: /s/ Sam Baxter

Sam Baxter, Attorney-in-Charge
Texas State Bar No. 01938000
sbaxter@mckoolsmith.com
P.O. Box O
505 E. Travis, Suite 105
Marshall, Texas 75670
Telephone: (903) 927-2111
Telecopier: (903) 927-2622

ATTORNEY FOR PLAINTIFF MEDIATEK, INC.

**Of Counsel:**

**PAUL, HASTINGS, JANOFSKY & WALKER LLP**

Stephen S. Korniczky (CA Bar No. 135532)
N. Thane Bauz (CA Bar No. 188439)
Elizabeth L. Brann (CA Bar No. 222873)
3579 Valley Centre Drive
San Diego, CA 92130
Telephone: (858) 720-2500
Telecopier: (858) 720-2555
Email: stevekorniczky@paulhastings.com

Ronald S. Lemieux (CA Bar No. 120822)
Daniel B. Pollack (CA Bar No. 221176)
Five Palo Alto Square, Sixth Floor
Palo Alto, CA 94306-2155
Telephone: (650) 320-1800
Telecopier: (650) 320-1900

ATTORNEYS FOR PLAINTIFF MEDIATEK, INC.