IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| **MEDIATEK, INC.,** | § § § | |
| Plaintiff, | § § | |
| vs. | § § | CASE NO.  6:05 CV 323 |
| | § | PATENT CASE |
| **SANYO ELECTRIC CO LTD.; SANYO NORTH AMERICA, INC.; AND SANYO NORTH AMERICAN CORPORATION,** | § § § § § | |
| Defendants. | § | |

**ORDER**

Numerous discovery motions are before the Court. The motions fall into three categories: 1) discovery motions resolved by the parties at the February 9, 2007 hearing, 2) discovery motions related to Sanyo original equipment manufacturer ("OEM") products addressed at the February 9, 2007 hearing, and 3) motions heard at the March 20, 2007 hearing related to the Court's rulings from the bench on February 9, 2007.

As to the first category, the parties announced their agreement on five motions at the February 9, 2007 hearing. Accordingly, the Court **DENIES AS MOOT** Docket Nos. 174, 184, 207, 213, and 214.

As to the second category, as stated at the February 9, 2007 hearing, the Court **DENIES** Sanyo's motion for a protective order (Docket No. 202). The Court **GRANTS** MediaTek's Expedited Motion to Compel (Docket No. 185) and **GRANTS** MediaTek's Expedited Motion to Compel Supplemental Interrogatory Responses (Docket No. 215). As stated at the February 9, 2007 hearing, sanctions against Sanyo are appropriate in light of Sanyo's sustained resistance to producing

relevant OEM information.  The Court accordingly grants MediaTek its attorneys' fees in bringing its expedited motion to compel relating to OEM products (Docket No. 185).  This sanction is fairly related to Sanyo's uncooperative conduct and resistance to mandatory disclosures prior to the February 9th hearing.

As to the final category, of matters heard at the March 20, 2007 hearing, the Court **GRANTS** MediaTek's application for attorneys' fees (Docket No. 290) in the amount of $150,000.00 to be paid by Sanyo by April 3, 2007.  Also before the Court were Sanyo's Motion for Extension of Time to Complete Supplemental Document Production (Docket No. 268); MediaTek's Notice of Status Report, Proposal for Discovery Relief and Request for Expedited Hearing (Docket No. 302); and MediaTek's Expedited Motion for Sanctions (Docket No. 326).  First, the Court **GRANTS in part** MediaTek's expedited motion for sanctions (Docket No. 326).  As stated at the March 20, 2006 hearing the Court **ORDERS** Sanyo to produce all documents described in Exhibit A to the Coddington declaration and to send letters—as described at the hearing—to its OEM customers.  If the responses to these letters are insufficient MediaTek may notice 30(b)(6) depositions.  The Court directs MediaTek to assess the outstanding discovery requests to determine if any requests are now unnecessary in light of Sanyo's stipulation regarding OEM products intended for sale in the United States.  The parties are strongly encouraged to meet and confer about these assessments.  The Court **DENIES** the remainder of MediaTek's expedited motion for sanctions.  Second, the Court **DENIES as moot** Sanyo's motion for extension of time (Docket No. 268) and MediaTek's proposal for discovery relief (Docket No. 302) because the issues raised in these motions were also addressed in the expedited motion for sanctions.

The Court makes special note of Sanyo's recent efforts to produce information and simplify

the issues in this case, which is a positive step in accordance with this Court's philosophy, and a positive change in course from its actions prior to the February 9, 2007 hearing. With the May 14, 2007 trial rapidly approaching, the Court encourages both parties to continue working together to resolve their disputes without the necessity of Court intervention. If the Court is required to intervene, it will not hesitate to deal forcefully with the party at fault.

**So ORDERED and SIGNED this 26th day of March, 2007.**

_____
**LEONARD DAVIS
UNITED STATES DISTRICT JUDGE**