IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| **MEDIATEK, INC.,** | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | CASE NO. 6:05 CV 323 |
| | § | PATENT CASE |
| SANYO ELECTRIC CO LTD.; SANYO | § | |
| NORTH AMERICA, INC.; AND SANYO | § | |
| NORTH AMERICAN CORPORATION, | § | |
| | § | |
| Defendants. | § | |

### ORDER

The Court has received the parties' claim construction briefs regarding Claim 4 of U.S. Patent No. 5,751,356 ("the '356 patent") (Docket Nos. 391, 392). This claim was not submitted to the Court for construction, and it is subject to the parties' agreement to give unconstrued claims their ordinary meaning. A claim's ordinary meaning is that which would be attributed to the claim language at the time of the invention by persons skilled in the relevant art. *See Inverness Med. Switz. Gmbh v. Princeton Biomeditech Corp.*, 309 F.3d 1365, 1369 (Fed. Cir. 2002) ("It is well settled that dictionaries provide evidence of a claim term's ordinary meaning.") (internal quotation omitted); *Home Diagnostics, Inc. v. Lifescan, Inc*., 381 F.3d 1352, 1356 (Fed. Cir. 2004). Much of Sanyo's argument—e.g., prosecution history estoppel and "sole embodiment" limitations—are not ordinary meaning arguments and are waived in light of the parties' earlier agreement.

The Court notes, however, that while Sanyo has waived its right to argue constructions outside of the claim's ordinary meaning, Sanyo may still present defenses to claim 4 of the '356 patent—including invalidity for being anticipated by the prior art. A construction of claim 4 of the '356 patent based on its ordinary meaning is therefore likely to be broad and problematic for *both*

parties. The Court **ORDERS** the parties to file their joint proposed construction by May 10, 2007 or a notice that they require the Court to construe the term. The Court **ORDERS** the parties to meet and confer on this issue to determine whether they can agree to a construction that will simplify the issues for trial and conserve the parties' trial time. If the parties cannot reach an agreement, the Court will construe the term according to its ordinary meaning.

    **So ORDERED and SIGNED this 3rd day of May, 2007.**

_____
**LEONARD DAVIS**
**UNITED STATES DISTRICT JUDGE**